```
                UNITED STATES DISTRICT COURT
                         FOR THE
                   DISTRICT OF VERMONT

SOLOMON UPSHAW                   :
U TRANSPORT CORP,                :
                                 :
        Plaintiffs,              :
                                 :
    v.                           :    Case No. 2:12-cv-00265-wks
                                 :
MORGAN JAMES and                 :
JOAN RICHARDS                    :
                                 :
        Defendants.              :
```

OPINION AND ORDER
(Docs. 7, 8)

Plaintiff Solomon Upshaw, proceeding *pro se*, and Plaintiff U Transport Corp bring this action against Defendants Morgan James and Joan Richards, also both appearing *pro se*. Defendants move to dismiss for insufficient service of process, among other arguments, and move for costs, sanctions, and punitive penalties against plaintiffs (Doc. 7).  For the reasons set forth below, Defendants' motion to dismiss is GRANTED, and Defendants' motion for costs, sanctions, and punitive penalties is DENIED.

FACTUAL BACKGROUND

Plaintiff Upshaw and Defendants James and Richards are neighbors in Mattapan, Massachusetts.[1] Upshaw purports to be president of co-plaintiff U Transport Corp. Litigation between Upshaw and James dates back to 2000, related to a dispute over parking in the right-of-way in front of their adjoining properties. Since then, numerous actions have been filed in state and Federal Courts in Massachusetts.

Here, Plaintiffs allege: 1) execution of a small claims judgment issued by the Boston Municipal Court Department of the Commonwealth of Massachusetts Trial Court, Docket No. 2010 SC 003068, deprived Plaintiffs of property "without a judicial trial and due process of law"; and 2) Defendants used a "false document" regarding an "unregistered truck" in order "to obtain an easement" in a Commonwealth of Massachusetts Appeals Court decision, Docket No. 04-p-751 (Doc. 1).

---

[1] Notably, Plaintiffs do not allege that any of the parties are residents or have a principal place of business in the State of Vermont, nor do they allege that any of the acts or omissions giving rise to any claims or defenses occurred in the State of Vermont. Plaintiffs' mailing address is in Cape Neddick, Maine, and Defendants' mailing address is in Mattapan, Massachusetts.

DISCUSSION

I. Defendants' Motion to Dismiss

At the outset, Defendants claim Plaintiffs did not serve them with a copy of the complaint filed in this matter, but instead served other documents that "do not incorporate Morgan James and Joan Richards as defendants within the caption heading of Case No.. 2:12-cv-00265-WKS before this Court." (Doc. 8-1 at 1). This issue arises under Federal Rule of Civil Procedure 12(b)(5), providing for dismissal for insufficient service of process, and Federal Rule of Civil Procedure 4 (m).

Pursuant to Federal Rule of Civil Procedure 4, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies the person who makes service." Fed.R.Civ.P. 4(c). Rule 4(m) provides, "[i]f a defendant is not served within 120 days after the complaint is filed, the court...must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m).

Plaintiffs filed the complaint in this matter on November 26, 2012 (Doc. 1).  On July 15, 2013, after more

than 120 passed and plaintiffs had yet to file proof of service, this Court ordered Plaintiffs to provide the Court with proof of service on or before July 31, 2013 and warned, "[f]ailure to do so will result in the dismissal of this case." (Doc. 5).

Defendants allege, and the Court hereby finds, that Plaintiffs neither effected service of the complaint filed in this case (Docket No. 2:12-cv-00265-wks), nor did they effect service of a summons, as required by Rule 4. Instead, on July 23, 2013, a constable served both Defendants with a package of documents that did not include true and accurate copies of the complaint filed on November 26, 2012 (Docs. 7-1, 7-2).

The documents subsequently filed by Plaintiffs on July 29, 2013, purporting to provide proof of service, corroborate Defendants' allegations that they were not properly served.  The returns of service filed with the Court (both dated July 23, 2013 and executed by "Joseph Figler, Constable and Disinterested Person")(Doc. 6 at 2) attach pages of the same document (Doc. 6 at 3) Defendants filed in support of their Motion.[2]  Additionally, the

---

[2]  A docket number appearing on the first page (Doc. 6 at 1) corresponds with the present case, but none of the text resembles the text of the complaint actually filed in this matter. Notably, the caption of the document served on

Court's records show Defendants never received a summons, which in-and-of-itself may constitute a fatal procedural defect. *See Barron v. Miami Executive Towers Assocs. Ltd. P'Ship*, 142 F.R.D. 394, 397 (S.D.N.Y.1992) ("actual receipt of both the summons and the complaint is a base requirement" of Rule 4).

Dismissal pursuant to Rule 12(b)(5) especially is warranted where, as here, Plaintiffs were fully on notice of the service requirement and nonetheless failed to observe it. *See, e.g., Cioce v. County of Westchester*, 128 F. App'x. 181, 183 (2d Cir. 2005). After more than 120 days passed from the date of filing the complaint, this Court ordered Plaintiffs to effect service and warned that failure to do so would result in dismissal of the case (Doc. 5). Plaintiffs clearly had notice of this Order, because they then served it on Defendants along with the "complaint" document (Docs. 7-1 at 3 and 7-2 at 2). Plaintiffs cannot maintain an action if Defendants do not receive notice of

---

Defendants names WMB Construction, Inc. and William Brandon, Jr. as Defendants (Doc. 6 at 1, Doc. 7-1 at 4, Doc. 7-2 at 3). On April 9, 2013 and September 12, 2013, respectively, this Court dismissed two actions brought by Plaintiffs against WMB Construction, Inc and William Brandon, Jr. for lack of personal jurisdiction and failure to state a claim. *See Upshaw v. WMB Construction, Inc.,* No. 2:12-cv-00181, 2013 WL 1430462 (D.Vt. Apr. 9, 2013) and *Upshaw v. WMB Construction, Inc.,* No. 2:13-cv-76, 2013 WL 4874169 (D.Vt. Sept. 12, 2013).

the claims against them as set forth in the complaint. Therefore, Defendants Motion to Dismiss for insufficient service of process is hereby GRANTED.

## II. Defendants' Motion for Costs and Sanctions

Defendants request an award of costs, sanctions, and "punitive penalties" in connection with their motion to dismiss, arguing Upshaw has "engaged in a pattern of abuse of the legal process in numerous frivolous and unfounded litigations against Morgan James commencing in 2000 at great expense and deprivation of quality time." (Doc. 7 at 9). Indeed, this Court's review of the orders issued in the litany of matters cited by Defendants indicates considerable hardship on Defendants' part.  Nonetheless, Defendants do not claim to have incurred attorneys' fees or court costs in the present matter, for which they have been compensated previously in other matters.  Therefore, Defendants' motion for costs and sanctions is DENIED.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is GRANTED, and the case is dismissed without prejudice.  Defendants' motion for costs and sanctions is DENIED.

Dated at Burlington, in the District of Vermont, this 29th of January, 2014.

<pre>
                    /s/ William K. Sessions III
                    William K. Sessions III
                    Judge, United States District Court
</pre>